■ FSLM Associates LLC et al., Appellants, v Arch Insurance Group et al., Respondents, et al., Defendant. [997 NYS2d 48]——

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered August 1, 2013, which denied plaintiffs' motion for summary judgment, granted defendants' cross motion for summary judgment and declared that defendant insurance companies "are not obligated to provide coverage to plaintiffs for their claim for property damage allegedly sustained as a result of an incident that occurred on or about May 22, 2008 at the building located at 40 West 116th Street, New York, New York, as such claim is excluded from coverage under the policy endorsement entitled 'Exterior Insulation and Finish System Exclusion,' " unanimously affirmed, without costs.

In this coverage action arising out of the collapse of a section of the exterior facade of the building, the motion court properly found that the policy exclusion for property damage "caused directly or indirectly, in whole or in part, by the . . . preparation [or] installation . . . of an 'exterior insulation and finish system' . . . or use of . . . coatings . . . in connection with such a system" applies, precluding coverage under the policy. As the motion court found, the Parex 121 product, which the experts agree failed, causing the collapse, was applied as a coating to, among other things, level the concrete masonry wall in preparation for the installation of the exterior insulation and finish system (EIFS). Although the parties' experts agree that the Parex 121 was a coating used to level the exterior of the masonry wall, defendants' expert asserts that it was used in preparation

for the installation of the Parex EIFS while plaintiffs' expert asserts that it was not an EIFS "accessory." Plaintiffs' expert, however, does not define what an accessory is, or why Parex 121 is not an accessory, rendering his assertion conclusory.

More importantly, to the extent that plaintiffs' expert's assertion may be understood to mean that the Parex 121 was not a "coating" used "in connection with" the EIFS, such an assertion is demonstrably false given that leveling of the masonry surface was a necessary preparation for the installation of the EIFS, the literature for the EIFS and the Parex 121, both manufactured by the same company, expressly describes the product as being for this use, and the product meets the precise specifications for leveling the surface of an exterior wall in preparation for the installation of an EIFS. Notably, neither plaintiffs nor their expert have offered any other explanation for using this product to level the masonry wall surface. However, even if there had been some other purpose, it would not negate the fact that such leveling was, at least in part, mandated by the requirements for the installation of the EIFS. Thus, under the circumstances, defendants have demonstrated that the "clear and unmistakable language" of the policy exclusion applies (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984] [internal quotation marks omitted]). Concur—Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ. **[Prior Case History: 2013 NY Slip Op 31695(U).]**